[No. C. D. 3702. *En Banc.* February 16, 1956.]

*In the Matter of the Disciplinary Proceedings Against* JAMES P. DILLARD, *an Attorney at Law.*[1]

A. *Vernon Stoneman,* for board of governors.

ROSELLINI, J.—This is a proceeding for the disbarment of James P. Dillard, the respondent, who was admitted and licensed to practice law in the courts of this state in Feb-

[1]Reported in 293 P. (2d) 761.

ruary, 1951, and since that time has been a member of the bar, maintaining his residence in Spokane, Washington.

The respondent was appointed guardian of the estate of Grace M. Johnson, an incompetent person. On February 10, 1955, in the United States district court, eastern district of Washington, northern division, he was indicted, under § 556a, Title 38, U.S.C.A. for the crime of misappropriation of funds of said estate. On April 22, 1955, he was convicted on his plea of guilty and sentenced to two years in the Federal penitentiary.

The misappropriation of the estate funds resulted in the forfeiture of the guardian's bond in the amount of ten thousand dollars. The respondent subsequently assigned his insurance policies to the bonding company.

A complaint was filed against the respondent before the board of governors of the Washington state bar association, charging him with converting the sum of $10,209.81, belonging to the incompetent's estate, to his own use, which complaint was later amended to include the indictment and conviction entered against him in the Federal court. He was personally served with notice of the hearing and of the charges against him, but failed to appear and was not represented at the hearing. Prior to the filing of the complaint, when his professional conduct became a subject of inquiry by the local administrative committee of the bar association, he had submitted his resignation and a letter of explanation, but failed to inform the committee of his misappropriation of funds from the estate of the incompetent.

As a result of the hearing held on July 19, 1955, the trial committee recommended to the board of governors that he be disbarred. In transmitting its report and record of the proceedings, the board of governors has concurred in this recommendation. Although duly notified of all proceedings in this matter, the respondent has not appeared at any stage, either personally or by counsel.

■ The respondent was convicted of a felony involving moral turpitude and, under Rule 10 for the Discipline of Attorneys, 34A Wn. (2d) 183, should be disbarred.

It is therefore ordered that James P. Dillard be and he is hereby permanently disbarred from the practice of law in this state, and that his name be stricken from the roll of attorneys.

ALL CONCUR.